Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
*William Berry*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM BERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, *ET SEQ.* ("FDCPA")**<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///
///
///

## INTRODUCTION

1. William Berry ("Plaintiff"), through his counsel, brings this action on behalf of himself and all others similarly situated to challenge the actions of Defendant Jefferson Capital Systems, LLC ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff to suffer damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

3. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in the State of Nevada.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (the "FDCPA" or the "Act").

8. Defendant is subject to personal jurisdiction in Nevada, as they conduct business in Nevada, and specifically reached into Nevada to attempt to collect debt from Plaintiff in Nevada.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because all of the events giving rise to this lawsuit occurred in Nevada and within this judicial district, Plaintiff resides within this federal judicial district, the conduct complained of herein occurred within this federal judicial district, and Defendant conducted business within this federal judicial district at all times relevant.

## PARTIES

10. Plaintiff is a natural person who resides in Las Vegas, Clark County, Nevada.

11. Plaintiff is a consumer as the term is defined by 15 U.S.C. § 1692a(3).

12. Plaintiff is alleged to owe a "debt" as that term is defined by 15 U.S.C. 1692a(5) and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6), who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

14. Sometime prior to June 2022, Plaintiff allegedly incurred financial obligations to an original creditor, Exeter Finance ("Exeter") primarily for personal, family

or household purposes, which was a "debt" as that term is defined by 15 U.S.C. § 1692a(5) (the "Debt").

15. Plaintiff allegedly defaulted on the alleged Debt and sometime thereafter the Debt was assigned, transferred, or otherwise placed with Defendant for collection of alleged Debt.

16. On June 17, 2022, Defendant sent Plaintiff a letter via US Mail for the purposes of collecting an alleged debt, stating: "You are currently in default on your 2009 LAND ROVER Range Rover Sport. Your account is currently with a local repossession agent who is seeking to repossess your vehicle. We want to offer options to resolve your outstanding obligation and avoid repossession."

17. The June 17, 2022 letter failed to inform Plaintiff that the letter was from a debt collector, that the communication was an attempt to collect a debt, and that any information obtained would be used for the purpose of the collection of a debt, pursuant to the 15 U.S.C. § 1692e(11) notice requirements.

18. Specifically, Defendant's June 17, 2022 letter failed to provide Plaintiff notice "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and the failure to disclose in subsequent communications that the communication is from a debt collector except that this paragraph shall not apply to a formal pleading made in connection with a legal action" in violation of 15 U.S.C. § 1692e(11).

19. Defendant's debt collection letter to Plaintiff on June 17, 2022, constituted a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

20. Defendant's June 17, 2022, letter misrepresented and deceived Plaintiff regarding Plaintiff's statutory rights under the FDCPA.

21. Defendant's collections activities and communications above violated 15 U.S.C. § 1692e(10) by Defendant's use of various false representations and deceptive means in connection with its attempts to collect the Debt from Plaintiff.

- 4 -
CLASS ACTION COMPLAINT

22. Defendant's collections activities and communications above violated 15 U.S.C. § 1692f because Defendant utilized unfair and unconscionable means in its attempts the Debt from Plaintiff.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

24. Plaintiff has been misled, suffered mental anguish and emotional distress, inconvenience, frustration, and stress, as a result of Defendant's conduct and is therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

25. As alleged in this Complaint, Defendant engaged in unlawful, deceptive, and abusive collection activity with regard to their attempts to collect an alleged debt from Plaintiff and similarly situated Class members through its conduct and communications similar to those described above. Such conduct constitutes violations of 15 U.S.C. §§ 1692e, and 1692f of the FDCPA.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the 15 U.S.C. §§ 1692, et seq., including but not limited to each one of the above cited provisions.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this class action on behalf of himself, and on behalf of all others similarly situated.

28. Plaintiff represents and is a member of the "Class" defined as:

> (i) all persons in the United States (ii) who were sent a written communication (iii) without the required language that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and the failure to disclose in subsequent communications that the communication is from a debt collector" (iv) in attempt to recover a consumer debt; (v) which was not returned

        undelivered by the United States Postal Service; (vi) within one year prior to the filing of the Complaint in this action.

29. Defendant and its employees or agents are excluded from the Class.

30. Plaintiff does not know the exact number of persons in the Class, but believes them to be in the several hundreds, making joinder of all these actions impracticable.

31. The identities of individual members are ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

32. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    a. Whether Defendant violated the FDCPA as described herein;

    b. Whether members of the Class are entitled to the remedies under the FDCPA;

    c. Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDPCA;

33. As a person who received at least one written communication from Defendant in violation of the FDCPA, as alleged in the Complaint, Plaintiff will fairly and adequately protect the interests of the Class.

34. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

35. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

36. A class action is a superior method for the fair and efficient adjudication of this controversy.

37. Class-wide damages are essential to induce Defendant to comply with the federal alleged in the Complaint.

38. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the combined maximum statutory damages in an individual action under the FDCPA is $1,000. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.
39. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.
40. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.
41. Plaintiff request certification of a hybrid class for monetary damages and injunctive relief.

## COUNT ONE

## Violation of the Fair Debt Collection Practices Act

## 15 U.S.C. §§ 1692, et seq. (FDCPA)

42. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.
43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.
44. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- That this action be certified as a class action on behalf of the Class and Plaintiff be appointed as the representative of the Class and Plaintiff's attorneys be appointed as Class Counsel;
- An Order providing Plaintiff and the Class members with injunctive relief, enjoining Defendant from continuing use of collection communications substantially in the form of the collection communications at issue;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against Defendant for Plaintiff and each putative Class member;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant for Plaintiff and each putative Class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and
- Any and all other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

45. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

DATED this 28th day of November 2022.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: */s/ Gustavo Ponce*
Gustavo Ponce, Esq.
Mona Amini, Esq.
6069 S Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*